UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
In Re:                                         :
                                               :
CHRISTINE PERSAUD,                             :          **MEMORANDUM AND ORDER**
                                               :             11-mc-00860 (DLI)
          Debtor.                   :
                                               :
--------------------------------------------------x
In Re:                                         :
                                               :
ABRAHAM KLEIN,                                 :
                                               :             11-cv-6391 (DLI)
          Appellant.                :
                                               :
--------------------------------------------------x
In Re:                                         :
                                               :
CARING HOME CARE                               :
AGENCY,                                        :             11-cv-6392 (DLI)
                                               :
          Appellant.                :
                                               :
--------------------------------------------------x
In Re:                                         :
                                               :
JOEL KLEIN,                                    :             11-cv-6393 (DLI)
                                               :
          Appellant.                :
                                               :
--------------------------------------------------x
In Re:                                         :
                                               :
MELQUISIDEC ESCOBAR,                           :             11-cv-6394 (DLI)
                                               :
          Appellant.                :
                                               :
--------------------------------------------------x
In Re:                                         :
                                               :
PHILIP GOTTEHRER,                              :             11-cv-6395 (DLI)
                                               :
          Appellant.                :
                                               :
--------------------------------------------------x

1

**DORA L. IRIZARRY, United States District Judge:**

On November 10, 2011, the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") granted in part five motions brought by John S. Pereira ("Trustee"), in his role as trustee of the bankruptcy estate of Christine Persaud ("Debtor"), to take discovery under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2004 from Abraham Klein ("Klein"), Caring Home Care Agency ("Caring"), Joel Klein, Melquisidec Escobar and Phillip Gottehrer (collectively with Klein, Caring, Joel Klein and Escobar, "Appellants"). Appellants appealed from these orders and the Trustee moved to dismiss the appeals. (*See* Notice of Appeal, Dkt. Entry 1; Aff. of Trustee in Supp. of Mot. to Dismiss Appeals, 11-cv-6391 Dkt. Entry 9-1 ("Trustee Aff."), at ¶¶ 11-13.) On August 14, 2012, Appellants voluntarily withdrew their appeals. (*See* Appellants' Letter, 11-cv-6391 Dkt. Entry 18.) Appellants' request to withdraw the appeals is granted and the Trustee's motion to dismiss the appeals is denied as moot.

During the pendency of the appeals, the Trustee moved to withdraw reference of this bankruptcy case from the Bankruptcy Court. (*See* Mot. of Trustee to Withdraw the Reference of this Chapter 7 Case, 11-mc-00860 Dkt. Entry 1.) For the reasons set forth below, the Trustee's motion to withdraw reference of this bankruptcy case is denied.

The Trustee also had moved to substitute the law firm of Troutman Sanders LLP for Pereira & Sinisi, P.C. as counsel of record for Trustee. (*See* Stip. and Order Substituting Att'ys, 11-cv-6391 Dkt. Entry 15.) This motion is granted.

## DISCUSSION

The Trustee moved to withdraw the reference of Debtor's bankruptcy case to the Bankruptcy Court, so that this court can adjudicate the matter instead. (*See generally* Trustee's Mem. of Law in Supp. of Mot. to Withdraw Reference of the Debtor's Bankruptcy Case, 11-mc-

00860 Dkt. Entry 1-4, ("Trustee's Mem.") at 1-2.)  The Trustee argues, in essence, that Klein consistently has been opposing the Trustee's routine and uncontroversial motions and appealing the resulting Bankruptcy Court orders to the district court.  (*Id.* at 1.)  According to the Trustee, withdrawing reference of the case will promote efficiency because the district court will ultimately have to adjudicate every issue in the bankruptcy case anyway as a result of Klein's repeated appeals.  (*Id.* at 2.)  Klein responds by arguing, among other things, that withdrawing the reference to the Bankruptcy Court will not promote judicial efficiency because the Bankruptcy Court is most familiar with the case.  (*See* Mem. of Law in Resp. to the Trustee's Mot. to Withdraw the Reference of the Bankruptcy Case, 11-mc-00860 Dkt. Entry 2-1, at 6.)

While district courts have original jurisdiction over bankruptcy cases, *see* 28 U.S.C. § 1334(a), each district court may refer "any or all" bankruptcy proceedings "to the bankruptcy judges for the district."  28 U.S.C. § 157(a).  The United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 157(a), has referred all bankruptcy cases to the bankruptcy courts in the district.  *See* Eastern District Administrative Order 264.

However, district courts can withdraw the referral in individual cases:

[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  The Trustee does not argue that withdrawal here is mandatory, but seeks discretionary removal for cause.  (*See* Trustee's Reply Mem. in Resp. to Opp. to Trustee's Mot. to Withdraw, 11-mc-00860 Dkt. Entry 7 ("Trustee's Reply"), at 1.)  In determining whether cause exists, the Second Circuit has held that a district court should weigh:  "(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the

delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors." *In re Burger Boys, Inc.*, 94 F. 3d 755, 762 (2d Cir. 1996).

After weighing the above factors, the court finds that the Trustee has not established cause. As the Trustee concedes, he requests that this court entertain core bankruptcy matters because he seeks withdrawal of the entire bankruptcy case. (Trustee's Reply at 1.) This weighs heavily against withdrawing the reference. *See In re Iridium Operating LLC*, 285 B.R. 822, 834 (S.D.N.Y. 2002) (determination that proceeding is core "is the most important factor" against withdrawal). By asking the court to withdraw the reference for entire bankruptcy case, the Trustee invites this court to take the drastic step of overseeing the disposition of Debtor's entire estate. However, adjudicating bankruptcy cases is the bankruptcy courts' fundamental function. In these matters they are able to bring to bear their "greater and familiarity and expertise" with core bankruptcy matters. *See In re Chateaugay Corp.*, 193 B.R. 669, 675 (S.D.N.Y. 1996). Indeed, the Second Circuit has cautioned that "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *In re Orion Pictures Corp.*, 4 F. 3d 1095, 1101 (2d Cir. 1993). This warning is particularly apt here, where the Bankruptcy Court has been administering the core bankruptcy proceedings for approximately two years. Thus, it is beyond peradventure that the Bankruptcy Court is more intimately familiar with the facts and issues of Debtor's bankruptcy case. It would hardly promote judicial efficiency for this court to parachute in now and take over the entire case.

The Trustee's assertion that withdrawal of the reference actually promotes judicial economy because Klein has been filing frivolous appeals that will have to be decided by the

district court eventually anyway is unconvincing.  (Trustee's Mem. 2; Trustee's Reply, 2.)  Even assuming Klein actually is able to appeal, and does appeal, *every* decision the Bankruptcy Court makes, the Bankruptcy Court has a different role than the district court does acting as an appellate court.  For example, a district court can only review factual findings by the Bankruptcy Court for "clear error" on appeal, *see, e.g.*, *In re Bayshore Wire Prods. Corp.*, 209 F. 3d 100, 103 (2d Cir. 2000), but withdrawing the reference would force this court to find facts *de novo*.  Moreover, the Trustee has not pointed to any authority (and the court is not aware of any) for the proposition that a party's frivolous conduct provides grounds for withdrawal of reference to a bankruptcy court.  If a party is taking meritless appeals and filing other spurious papers, there are more appropriate remedies, such as the imposition of sanctions, that a court can take to discourage such conduct.

Therefore, because the Trustee seeks to withdraw the reference of core proceedings, such a withdrawal would hinder judicial efficiency, and no factor weighs in favor of withdrawal, the Trustee's motion is denied.

## CONCLUSION

For the reasons set forth above, Trustee's motion to dismiss the appeals is denied as moot.  Also denied is Trustee's motion to withdraw reference of the bankruptcy case to the Bankruptcy Court.  Appellants' request to withdraw their appeals and the Trustee's motion to substitute counsel are granted.

SO ORDERED.

Dated: Brooklyn, New York
      August 16, 2012

_____
/s/
DORA L. IRIZARRY
United States District Judge

5